PETERRIE TRANSPORTATION SERVICES, INC. *v.*
George THURMOND

CA 02–185

90 S.W.3d 1

Court of Appeals of Arkansas
Division III
Opinion delivered November 6, 2002

[Petition for rehearing denied December 4, 2002.]

Rieves, Rubens & Mayton, by: Elton A. Rieves IV, for appellant.

B. Michael Easley and Preston G. Hicky, for appellee.

WENDELL L. GRIFFEN, Judge. Peterrie Transportation Services, Inc., appeals from a jury verdict entered in St. Francis County finding it negligent and awarding damages to appellee, George Thurmond, as a result of injuries he suffered in a motor vehicle accident. We affirm.

On August 6, 1998, appellee, George Thurmond, was injured in a motor vehicle accident when his pickup truck was struck by a tractor-trailer driven by an employee of appellant. Appellee filed a complaint against appellant alleging negligence and seeking damages. At the end of appellee's case, appellant moved for a directed verdict contending that there was insufficient evidence to calculate past and future wage loss and again renewed the motion at the close of all the evidence. The trial court denied appellant's motions. During the trial, a videotape of a rear-end collision was shown to the jury, to which appellant objected. The jury returned a verdict in favor of appellee and awarded damages in the amount of $78,615.80, which the trial court reduced to $75,000. Appellant now appeals this judgment.

Appellant first argues that the trial court erred in submitting the issue of past and future lost wages to the jury. Appellant contends that loss of earnings must be proven with reasonable certainty and that appellee did not offer any evidence as to how he was compensated; that is, he did not show whether he was paid by commission, by the hour, or by salary. Appellant's argument is without merit.

In reviewing a denial of a motion for a directed verdict, we consider the evidence to determine whether the jury verdict is supported by substantial evidence. *Tricou v. ACI Management, Inc.*, 37 Ark. App. 51, 823 S.W.2d 924 (1992). Sub-

stantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without having to resort to speculation or conjecture. *J.B. Hunt Transp. v. Doss,* 320 Ark. 660, 899 S.W.2d 464 (1995). A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support the giving of the instruction. *Coca-Cola Bottling Co. v. Priddy,* 328 Ark. 666, 945 S.W.2d 355 (1997).

■ To prove loss of future earnings, with reasonable certainty, the evidence must show: (1) the amount of wages lost for some determinable period; and (2) the future period over which wages will be lost. *Arthur v. Zearley,* 337 Ark. 125, 992 S.W.2d 67 (1999). However, our supreme court has recognized some latitude in this area and has not insisted on the exactness of proof if it is reasonably certain that some loss has occurred. *Dr. Pepper Bottling Co. v. Frantz,* 311 Ark. 136, 842 S.W.2d 37 (1992).

Appellee testified that in 1997, the year prior to the accident, he had been employed with three different companies, at separate times, and had earned a total of $21,544.60 for that year. Appellee submitted his W-2 forms from each employer as evidence of his earnings over the year's period. Appellee also stated that he had not worked from the date of the accident, August 6, 1998, until the date of the trial, September 5, 2001, a period of approximately three years, and that prior to the accident, he had worked ten-hour days, seven days a week. Appellee was sixty-one and one-half years old at the time of the accident and had worked construction all of his life. He testified that, prior to the accident, he had planned to work until he was sixty-five, approximately three and a half more years, but that he was unable to do construction work anymore because of his injuries and now was drawing early social security.

■ Clearly, the evidence demonstrates that appellee presented sufficient proof of past and future lost wages. Appellee's W-2 forms were sufficient proof of the past wages he earned. The fact that appellee only presented evidence of his yearly wages instead of hourly, daily, weekly, or monthly wages, does not make

the evidence of yearly income insufficient. Further, the evidence was sufficient to establish the period over which this income was lost, the two and one-half years he had been unable to work since the accident, and the period over which wages would be lost in the future (the three and one-half more years he had planned to work prior to the accident). Accordingly, we cannot find that the trial court erred in submitting the issue of past and future wages to the jury.

For its second point, appellant argues that the trial court erred in permitting the chiropractor to exhibit an animated video to the jury depicting what supposedly happens to an individual's neck upon a rear-end collision occurring at a speed of forty-five miles per hour. Appellant contends that there was no proper foundation laid for the admission of the videotape, that the videotape was not relevant, and that any relevance was substantially outweighed by the danger of unfair prejudice. Appellant's second argument is also without merit.

The decision to admit or exclude evidence is a matter within the trial court's discretion. *Belz-Burrows, L.P. v. Cameron Constr. Co.*, 78 Ark. App. 84, 78 S.W.3d 126 (2002). A trial court is accorded wide discretion in evidentiary rulings and will not be reversed absent a manifest abuse of discretion or a showing of prejudice. *Jackson v. Buchman*, 338 Ark. 467, 996 S.W.2d 30 (1999).

At the trial, appellee called Dr. Thrash, a chiropractor, as his expert witness. Dr. Thrash stated that he routinely treated people suffering from injuries due to rear-end collisions and testified as to what happens to a person's head, neck, and body when involved in a rear-end collision. Appellee then showed a videotape to further illustrate and explain the mechanics of a rear-end-collision injury. Appellant argues that there was no way to lay a proper foundation for the admission of the videotape because neither Dr. Thrash nor appellee could testify about what actually occurred in the rear-end collision between the parties.

Rule 901(a) of the Arkansas Rules of Evidence requires authentication or identification as a condition precedent to the admissibility of evidence. However, Rule 901(a) provides that authentication or identification is satisfied by the presentation of evidence sufficient to support a finding that the matter in question is what its proponent claims.

■ In this case, the videotape was offered to illustrate to the jury the mechanics of a rear-end-collision injury. Dr. Thrash testified that although he did not prepare the videotape himself, it depicted a rear-end accident in which the vehicles were traveling at speeds of thirty-five to forty-five miles per hour, and it demonstrated the body's reaction when struck from behind. Dr. Thrash was an expert witness who testified that he routinely treated people with rear-end-collision injuries. Clearly, his testimony was sufficient to lay the foundation for admitting this videotape when it was only being used to help explain the body's reaction to a rear-end-collision and not to reenact the original happenings of the accident.

Appellant also argues that even if the videotape was what it purported to be, it was not relevant and was unfairly prejudicial. Appellant highlighted the fact that the vehicle in the videotape was traveling at a greater rate of speed than were the parties' vehicles at the time of the accident; that the video depicted a sports car with a head rest rather than a pick-up truck similar to what Appellee was driving; and that the videotape did not show what type of vehicle struck the sports car.

■ Evidence is relevant if that evidence has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Loy v. State*, 310 Ark. 33, 832 S.W.2d 499 (1992). It is within the sound discretion of the trial court to determine what evidence is relevant and what is prejudicial, and the appellate court will not reverse the trial court's decision regarding relevancy absent an abuse of discretion. *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 991 S.W.2d 591 (1999).

In *Carr v. Suzuki Motor Company*, the supreme court held a test or experiment was admissible even though it did not conform to the conditions surrounding the litigated situation because it was offered to show general traits and capacities of a material involved in the controversy, rather than as a reenactment of the original happening. 280 Ark. 1, 655 S.W.2d 364 (1983). As support for this proposition, the supreme court cited *Brandt v. French*, 638 F.2d 209 (10th Cir. 1981), holding that a film illustrating a motorcycle's angles of lean and radii for turns from different positions was admissible even though the accident conditions were not identical because the purpose of the film was to show mechanical principles rather than depict the actual accident. *Id.*

Dr. Thrash testified appellee suffered an injury in the rear-end collision between the parties. As previously stated, the videotape was not being introduced as a reenactment of the parties' accident, but merely as a means or tool to demonstrate to the jury the mechanics of an injury arising from a rear-end collision. Dr. Thrash acknowledged that not all rear-end collisions were identical, but stated that there was some amount of head jerking involved in any rear-end collision if the person was not expecting to be struck, and that the videotape would be useful in explaining the body's reaction in this type of accident. Clearly, the videotape was relevant for such a purpose, and the admissibility and use of demonstrative evidence was a matter falling within the wide discretion of the trial court. *Breslau v. McAlister*, 72 Ark. App. 124, 35 S.W.3d 321 (2000). Thus, we find no abuse of the trial court's discretion in allowing the videotape into evidence.

Affirmed.

PITTMAN and ROAF, JJ., agree.