BART F. VIRDEN, Judge
Appellant Sherry Lynne Glover appeals from a Jefferson County jury's verdict awarding no damages in her negligence claim against appellees Main Street Wholesale Furniture, LLC, and Bryan William McPike. The Jefferson County Circuit Court entered judgment accordingly and awarded appellees costs. Glover raises several points on appeal to this court: (1) the trial court abused its discretion by prohibiting her expert from giving causation testimony during redirect examination, (2) the trial court abused its discretion in allowing evidence of secondary gain, (3) the trial court prejudiced her case by not being impartial during the proceedings, and (4) the trial court erred in granting appellees' motion for costs pursuant to Arkansas Rule of Civil Procedure 68. We agree with Glover's second point; therefore, we reverse and remand for proceedings consistent with this opinion.
I. Procedural History
On March 4, 2015, Glover filed a complaint against appellees following a motor-vehicle accident that occurred on March 9, 2012. Glover's car had been sideswiped by a van driven by Bryan McPike, an employee of Main Street Wholesale Furniture. Glover's complaint alleged that McPike had violated several traffic-safety rules and that the accident had resulted in serious and permanent injuries to her neck *247 and back and had aggravated her preexisting conditions. The appellees answered, denying the material allegations of Glover's complaint and denying that any action by McPike was a proximate cause of Glover's alleged injuries.
Before trial, Glover filed a motion in limine to exclude, among other things, anticipated testimony from Dr. Raymond Earl Peeples, Jr., suggesting that Glover's problems are psychological in nature and that she is malingering, which is another way of saying that she is motivated by secondary gain. Citing Rodgers v. CWR Construction, Inc. , 343 Ark. 126, 33 S.W.3d 506 (2000), Glover argued that such testimony would be irrelevant and that it would be more prejudicial than probative. The trial court denied Glover's motion. A jury trial was held August 22 through 24, 2016.
II. Trial Testimony
On cross-examination of Dr. Michael Courtney, a chiropractic physician presented by Glover, appellees elicited testimony from him that Bonica's Management of Pain is the primary authoritative textbook for the curriculum of the American Academy of Pain Management. Dr. Courtney agreed with a couple of quotes from the book about fibromyalgia patients and then quoted from the textbook that "in the worst cases, patients become involved with disability and compensation systems that almost ensure they will never improve." Dr. Courtney explained that "compensation systems" meant lawsuits. He testified that he did not know whether a fibromyalgia patient would never improve if that patient became involved in a claim for compensation, and he disagreed that the dominant factor for chronic-pain claims is the eligibility for compensation. Glover then testified that no doctors had ever told her that her fibromyalgia had caused her to have compensation-seeking behavior.
Dr. Peeples, although retained by appellees, was called by Glover in her case-in-chief. Dr. Peeples confirmed that he had never met or examined Glover but had only reviewed her medical records and issued a report at appellees' request. He concluded that Glover had sustained a strain resulting from the wreck on March 9, 2012, and that a strain meant there are symptoms with no change in anatomy. He said that, while most people complain of symptoms for three to six weeks following a car wreck, the symptoms last much longer in the litigant pool than in the nonlitigant pool. Dr. Peeples further testified that Glover's wreck was a sideswipe collision, which is a low-energy event. Dr. Peeples then read from the AMA Guides newsletter for chronic pain, which stated that the only individuals who complain of back or neck pain after low-energy trauma or minor trauma are people in litigation. He clarified that he was not saying that people who file lawsuits are motivated by secondary gain-he was merely quoting science. He testified that the AMA Guides newsletter also provided that the unreliability of examinee reports is especially pronounced when the examinee has filed a medicolegal claim. Dr. Peeples said that Glover theoretically had two of the four criteria for identifying a person who is malingering, but he clarified that he had no personal or medical opinion on whether Glover was malingering.
Dr. Peeples was also called by appellees in their case-in-chief. He testified that it was not necessary to examine Glover to form an opinion on diagnosis, treatment, and causation and that the scientific literature states that the independent, nonexamining physician is at an advantage for forming a causation opinion compared to the treating physician. He said that before *248 the wreck Glover had preexisting symptoms, musculoskeletal difficulties, a fibromyalgia diagnosis, chronic-pain complaints, and multiple-level degeneration of the neck. He stated that Glover sustained a strain in the car wreck, which resolves without treatment in the nonlitigant population. On cross-examination, Dr. Peeples testified that the most common medical cause for Glover's symptoms, other than the eligibility for compensation, was a personality disorder. He clarified that he had not offered an opinion that Glover has a personality disorder but that she should be tested for such.
III. Discussion
We review the admission of expert testimony under an abuse-of-discretion standard. Corbin v. Baptist Health, Inc. , 2016 Ark. App. 212, 490 S.W.3d 317. A trial court is accorded wide discretion in evidentiary rulings, and we will not reverse absent a manifest abuse of discretion and a showing of prejudice. Peterrie Transp. Servs., Inc. v. Thurmond , 79 Ark. App. 375, 90 S.W.3d 1 (2002).
Appellees argue that Glover opened the door to secondary-gain testimony and thus waived her objection. They cite Dovers v. Stephenson Oil Co., Inc. , 354 Ark. 695, 128 S.W.3d 805 (2003), in which our supreme court held that Dovers had waived her objection to secondary-gain testimony by a vocational rehabilitation specialist. In that case, Dovers had objected to the specialist's testimony but, although her objection had been overruled, defense counsel elicited no further questions on the subject. On redirect examination, Dovers herself developed the issue on secondary gain, and on recross-examination, defense counsel questioned the specialist a second time about secondary gain with no objection by Dovers. The Dovers case is distinguishable because, here, Glover filed a motion in limine. When a pretrial motion in limine has been denied, the issue is preserved for appeal, and no further objection at trial is necessary. Allstate Ins. Co. v. Dodson , 2011 Ark. 19, 376 S.W.3d 414. Further, once the matter of admissibility has been settled, a party whose motion in limine has been denied may be the first to broach the subject of the motion during the examination of a witness without waiving the error. Burnett v. Fowler , 315 Ark. 646, 869 S.W.2d 694 (1994). Glover's argument is preserved for appellate review.
Glover asserts that defense counsel inferred that her fibromyalgia and chronic-pain syndrome were causing her to have compensation-seeking behavior, but appellees state that Dr. Peeples was only quoting science and did not express his opinion on the matter. Glover contends that Dr. Peeples's testimony suggesting that her complaints of pain could be related to a personality disorder, malingering, and secondary gain should not have been allowed. She relies on Rodgers v. CWR Constr., Inc. , 343 Ark. 126, 33 S.W.3d 506 (2000).
In Rodgers , the trial court permitted a doctor to testify regarding secondary-gain motivation. The doctor explained the concept to the jury at length and commented that a lack of objective findings, as he had observed in Rodgers's case, entered into the possibility of diagnosing someone with secondary gain. The doctor clarified on cross-examination that he was not testifying that Rodgers was malingering or that secondary gain was involved in her case. The supreme court reversed and remanded, holding that the testimony was irrelevant based on the doctor's own testimony and that, even if the testimony had some slight relevance under Ark. R. Evid. 402, the testimony should have been excluded by Ark. R. Evid. 403 because its probative *249 value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.
We agree with Glover that the trial court abused its discretion in permitting testimony suggesting that she was motivated by secondary gain. Dr. Peeples testified that he was not expressing an opinion that Glover was malingering or had a personality disorder and that he was only quoting science when saying that the most common cause of chronic pain is the eligibility for compensation. As such, his testimony in that regard was irrelevant. To the extent the testimony had any relevance, it should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Here, the jury may well have believed that Glover was motivated by an eligibility for compensation after all the testimony on the subject by an expert and the references to treatises and otherwise authoritative writings.
Because we reverse and remand on Glover's second point on appeal, there is no need to address the remaining points. Ga.-Pac. Corp. v. Carter , 371 Ark. 295, 265 S.W.3d 107 (2007).
Reversed and remanded.
Klappenbach and Murphy, JJ., agree.