Ricky YORK and Lillian YORK
*v.* Mickey Ronny YOUNG

80-249                                    608 S.W. 2d 20

Supreme Court of Arkansas
Opinion delivered December 1, 1980

*Guy Jones, Jr.*, for appellants.

*Laser, Sharp & Huckabay, P.A.*, for appellee.

JOHN F. STROUD, Justice. On November 29, 1977, the
1977 Ford pick-up truck owned by appellants and being
driven by Lillian York, one of the appellants, was hit from the
rear by a vehicle knocked into her by a school bus driven by
appellee. Alleging that the collision resulted from appellee's
negligence and that Lillian York suffered severe and perma-
nent injuries, appellants filed suit claiming a total of $39,000 in
damages, which included $4,000 for damages to the truck
and $10,000 sought by Ricky York for his wife's medical bills
and his loss of consortium. Trial was held on February 7,
1980, during which appellee was allowed, over appellants'
objection, to bring out evidence of the existence of insurance
coverage on appellants' truck. The jury found for appellants
and judgment was entered in the amount of $2,062 for
appellant Lillian York and $1,000 for appellant Ricky York.
Appellants bring this appeal and allege that the trial court
erred in allowing appellee to intentionally adduce evidence of

the insurance coverage on their pick-up. Finding no error in the ruling of the trial court, we affirm the judgment.

The sole question here is whether a defendant may bring out the existence of collision insurance coverage when the plaintiff testifies that he could not afford to have all of the damage to his vehicle repaired. Both parties acknowledge that, generally, it is improper in automobile accident cases for either party to introduce or elicit evidence of the other party's insurance coverage. This court has often held that the unnecessary injection of the existence of insurance into a case is reversible error. *Pickard* v. *Stewart*, 253 Ark. 1063, 491 S.W. 2d 46 (1973); *Strahan* v. *Webb*, 231 Ark. 426, 330 S.W. 2d 291 (1959); *Pekin Stave & Manufacturing Co.* v. *Ramey*, 104 Ark. 1, 147 S.W. 83 (1912). We have also said that the injection of insurance coverage is not proper unless it is relevant to some issue in the case. *Pickard*, supra; *Industrial Farm Home Cas. Co.* v. *McDonald*, 234 Ark. 744, 355 S.W. 2d 174 (1962).

On direct examination Mr. York testified as to the various repairs done to his vehicle, but he also stated that damage done to the frame, shock absorbers and front end alignment was still uncorrected. He said the repair bill was between $550 and $600, but that in his opinion the difference in value of the truck before and after the accident was $3,000. Mr. York stated on cross-examination that the repairs done were all that he could afford and there was work to be done that he would have had done if he had been able to afford it. At this time a discussion was had in chambers, wherein counsel for appellee sought leave of the court to bring out on further cross-examination the existence of Mr. York's collision insurance to controvert his testimony that the truck had not been fully repaired due to a shortage of personal funds, when in fact insurance proceeds could have been used to cover the repairs. After each side presented its position on this question, the trial court ruled as follows:

> I do believe that this party [appellant] is attempting to use the insurance exclusionary rules to take advantage of the rule that we exclude the evidence of insurance in cases, and I am prone to allow the defense attorney to go in the insurance with him because of that. The rule

was put there for a purpose so as not to influence unduly one way or another a jury, but it should nto be used in an effort to mislead a jury or to give any kind of undue advantage to a party's testimony and certainly a party shouldn't be allowed to use that rule to his own benefit contrary to what the truth of the matter was.

Counsel for appellee then proceeded to question Mr. York concerning the collision insurance coverage he had on his truck, and he admitted that whatever damages were sustained in the accident, he could have had paid under that insurance policy with the exception of $100 due to the $100 deductible provision in his policy.

We do not think the trial court erred in allowing counsel for appellee to cross-examine Mr. York about his insurance coverage. Mr. York's testimony on direct examination that he could not afford to have the truck fully repaired was misleading to the jury, invited the rebutting questions, and made them relevant to the issues in the case. Finding no error in the ruling of the trial court, we affirm the judgment.

Affirmed.