**George LANGE, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

No. 82–2461.

United States Court of Appeals, Eighth Circuit.

Submitted March 28, 1983.

Decided April 1, 1983.

---

Herschel H. Friday, Elizabeth J. Robben, Little Rock, Ark., for appellee.

Charles L. Honey, Prescott, Ark., for appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This is an appeal by plaintiff George Lange from the district court's [1] judgment entered on a jury verdict in favor of the defendant Missouri Pacific Railroad Company (Mo Pac). On appeal, Lange contends that the district court erred in permitting him to be cross-examined on payments he received from a collateral source. We affirm.

This is a diversity case arising out of a back injury Lange sustained during the course of his employment in Emmet, Arkansas. The accident occurred while Lange was opening a railroad car owned by Mo Pac. Lange brought this negligence action against Mo Pac alleging failure to maintain the railroad car in a reasonably safe condition.

On direct examination by his attorney Lange testified that he returned to work immediately after undergoing surgery for the back injury because he had to support his family and had no savings or disability

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court, Western District of Arkansas.

income to fall back upon. The defense counsel objected to this testimony, but the trial court ruled that it was permissible to show why the plaintiff returned to work so quickly. Prior to cross-examination of Lange defense counsel obtained a ruling from the trial court that the availability of disability benefits could be shown on cross-examination. Thereafter, defense counsel elicited testimony from Lange showing that he applied for workmen's compensation benefits several months after the surgery and received a lump sum payment retroactive to the date of the surgery in May, 1981 at the rate of $140.00 per week.

■ Ordinarily payments received from collateral sources are not allowed to be introduced into evidence. *Hannah v. Haskins,* 612 F.2d 373, 375 (8th Cir.1980). However, when the plaintiff makes specific reference to collateral source payments on direct examination, the scope of permissible inquiry is set by the direct examination and the usual rules on cross-examination apply. 612 F.2d at 375. "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Fed.R.Evid. 611(b). The permissible scope of cross-examination rests in the trial court's discretion. 612 F.2d at 376.

■ The Arkansas Supreme Court has also approved the introduction of evidence on collateral source payments when it is relevant to some issue in the case. The payments become relevant when the plaintiff's direct testimony misleads the jury on some issue in the case and cross-examination of the plaintiff on evidence of collateral source payments is necessary to rebut the testimony. *York v. Young,* 271 Ark. 266, 608 S.W.2d 20, 21–22 (Ark.1980) (In action for damages arising from a motor vehicle collision, plaintiff's testimony that he had not repaired his truck after the collision due to lack of funds could be rebutted on cross-examination by evidence of plaintiff's insurance coverage.).

■ The evidence concerning Lange's receipt of workmen's compensation benefits

was relevant to test the credibility of plaintiff's assertion that he had to return to work immediately after the surgery because he had no disability income. *See Gladden v. P. Henderson & Co.,* 385 F.2d 480 (3d Cir.1967), *cert. denied,* 390 U.S. 1013, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968). It was also necessary to protect the full range of inquiry allowed by cross-examination, a fundamental part of the adversary system. 612 F.2d at 376. Accordingly, we hold that the trial court did not abuse its discretion by allowing cross-examination of plaintiff on the issue of benefits.

Affirmed.