Dr. Helen SCHAEFFER *v.* James Franklin McGHEE

84-319                                                      689 S.W.2d 537

Supreme Court of Arkansas
Opinion delivered May 20, 1985

114

*Christopher C. Mercer, Jr.,* and *James E. Smedley,* for appellant.

*Huckabay, Munson, Rowlett & Tilley,* P.A., for appellee.

STEELE HAYS, Justice. Appellant appeals from a judgment on a jury verdict for the defendant in a suit for personal injuries. Appellant's vehicle was struck from behind by the appellee as appellant slowed to a stop in traffic, allegedly resulting in the injuries complained of. Following the verdict, appellant moved for judgment n.o.v. and alternatively for a new trial. These motions were denied and appellant has appealed. She contends there is no substantial evidence to support the verdict and the trial court should have entered a judgment n.o.v. or ordered a new trial. We affirm the trial court.

When a motion for a new trial is made the test to be applied by the trial court is whether the verdict is against the preponderance of the evidence. ARCP 59(a). But the test on review, where the motion is denied, is whether the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible under the proof. *Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 226 (1982).

It is undisputed appellant's vehicle was struck from the rear by the appellee's vehicle. Appellant assumes from that fact

alone the jury was obligated to return a verdict in her favor. That is not our law. A plaintiff must prove that she sustained an injury, that the defendant was negligent, and that the negligence of the defendant was the proximate cause of her injuries. See AMI 203.

The fact that appellee's vehicle struck her does not create a presumption of negligence, *St. Louis-San Francisco Ry. Co.* v. *Ward*, 197 A. 520, 124 S.W.2d 975 (1939), and the jury may have decided the appellee was exercising ordinary care. There was proof the roads were glazed with snow and ice. In fact, appellant testified conditions were so hazardous she did not get out of her car after the accident for fear of falling on the ice. Appellee testified when he first saw appellant her vehicle was at a right angle to the curb. He stopped, then followed her for some distance at a slow speed and when she stopped for traffic he skidded into her rear bumper at a speed of 5 miles per hour. Appellee said appellant's car moved forward about a foot on impact and neither car had any visible damage. Nor did the complaint allege any property damage to her automobile.

With respect to appellant's injuries, we cannot say the jury was obligated to attribute her complaints to the mishap. The jury could have inferred from the proof her symptoms were attributable to other causes and not to the impact from appellee's vehicle.

Where the sufficiency of the evidence to support a verdict is the issue on appeal, the standard of review is whether the verdict is supported by substantial evidence. Obviously in appeals from a verdict for the defendant the rule cannot always be read literally, as the defendant may have introduced little or no proof, yet the jury found against the plaintiff. It makes little sense in such cases for the appellant to argue the strict application of the rule, insisting that a reversal is required because the defendant's proof failed to meet the substantial evidence test. The evident fact is the plaintiff failed to convince the jury, or fact finder, of an essential element of proof. That seems to have been the case with this jury, it simply did not think the defendant was negligent, or that the plaintiff's injuries were proximately caused by the negligence, if any. Thus, the lack of substance is not with the defendant's proof, but with the plaintiff's. See *Morton* v. *American Medical International, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985).

The judgment is affirmed.