Virginia DOVERS *v.* STEPHENSON OIL COMPANY, Inc. and William Guffey

CA 02-548 98 S.W.3d 462

Court of Appeals of Arkansas
Division II
Opinion delivered February 26, 2003

94

*Gary Eubanks & Associates*, by: *Russell D. Marlin* and *William Gary Holt*, for appellant.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Thomas G. Williams*, and *Preston & Cowan, L.L.P.*, by: *Michele Quattlebaum*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Virginia Dovers sued appellees Stephenson Oil Company and William Guffey for negligence, alleging that she suffered damages as a result of an accident in which her car was struck from behind by a tractor-trailer rig being driven by Mr. Guffey. At the time of the accident, Mr. Guffey was an employee of Stephenson Oil Company. After a jury trial, the jury returned a verdict for the appellees. Ms. Dovers filed a motion for new trial, which was denied, and she now appeals.

For reversal, Ms. Dovers argues that the verdict was not supported by substantial evidence, and that the trial court erred in failing to grant her motion for new trial. She further argues that

the trial court made evidentiary errors in not allowing her to introduce evidence of insurance, in admitting evidence that Mr. Guffey did not receive a ticket, and in allowing the appellees to elicit hearsay testimony from the investigating officer. Finally, Ms. Dover argues that the trial court erred in allowing the appellees to elicit testimony regarding secondary gain. We agree that the trial court erred in denying Ms. Dovers's motion for new trial, and therefore, we reverse and remand.

Trooper Tim Goshon testified that he investigated the accident, which occurred on the inside lane of Highway 67 northbound near Jacksonville. He stated that a vehicle in front of Ms. Dovers's car came to a stop on the highway, causing Ms. Dovers to stop. Then, the truck being driven by Mr. Guffey collided with Ms. Dovers's car. According to Trooper Goshon, her car was "totaled" as a result of the collision. He indicated that Mr. Guffey should have stayed a least 120 feet behind Ms. Dovers's car, and gave the opinion that the accident was caused by Mr. Guffey being inattentive and following too close.

On cross-examination, Trooper Goshon testified that he did not ticket Mr. Guffey, which drew an objection from Ms. Dovers. In addition, over appellant's hearsay objection, Trooper Goshon stated that he gained information from a Cabot police officer that the officer tried to chase down the black Jeep that stopped in front of Ms. Dovers's car.

On re-direct examination, Trooper Goshon explained:

> Mr. Guffey was not given a ticket at the scene because at the time Ms. Dovers was transported to Rebsamen Hospital, I finished up with Mr. Guffey, [and] he was allowed to continue on. I had to go over and finish my investigation after I talked to her, and it took me some time after that to talk to the gentleman that gave me the statement, and other people that were around. . . . [T]here was not a normal determination made on who was the at-fault driver there. I always give a courtesy to talk to everybody involved before there is a decision made. Now that my investigation is complete, if I was back out there, I would give Mr. Guffey a ticket.

Terry Joe Stephenson, who is the son of Stephenson Oil Company's owner, testified next. He stated that Stephenson Oil Company is certified to carry gasoline, and that there are certain

rules to abide by in employing drivers. Mr. Stephenson indicated that there are certain safety procedures that are supposed to be taken prior to hiring drivers, but that this was not done prior to hiring Mr. Guffey.

On cross-examination, Mr. Stephenson testified that Stephenson Oil Company is a small, family-owned operation. Ms. Dovers objected at that time and asserted that the appellees had opened the door to being questioned about insurance. However, the trial court ruled that the door had not been opened.

Bill Mullenax, a retired police officer who teaches driving-safety courses, testified that it would not be possible to stop a fully loaded tractor trailer going sixty miles per hour in fifty feet. Dr. Larry Williams, an expert in accident reconstruction, thought that the accident at issue occurred either because the eighteen-wheeler was following too closely, the driver was not paying attention, or both.

The deposition of Mr. Guffey was admitted during the plaintiff's case. He testified that at sixty miles per hour he should stay fifty feet behind another vehicle in order to safely bring his vehicle to a stop. In recounting the accident, he stated that he was driving behind Ms. Dovers's car when a black Jeep failed to yield, entered the highway, and pulled in front of her. Mr. Guffey thought the Jeep was going to hit her, so he backed off. The Jeep braked twice, and then proceeded down the highway. Some distance after topping a hill, Mr. Guffey saw that the Jeep was stopped, with Ms. Dovers stopped behind it. Due to traffic, he could not change lanes. He attempted to stop, but testified, "I was too close to stop," and he rear-ended Ms. Dovers's car. He maintained that there was nothing he could do to prevent the accident.

Several witnesses gave testimony regarding Ms. Dovers's damages. Her sister testified that after the accident, Ms. Dovers had fusion surgery and has since experienced neck, shoulder, and back pain. Ms. Dovers's brother-in-law stated that she can no longer take care of herself and is depressed and anxious. Robert Norton, a pharmacist at the pharmacy where Ms. Dovers had worked for twelve years, stated that since the accident, she has never successfully returned to work. Ms. Dovers testified on her own behalf and stated that she has extreme pain when she turns

her neck. Dr. Edwin Barron assigned her a 3% permanent partial disability rating, and Ralph Scott Boax, a forensic economist, calculated Ms. Dovers's total damages to be $1,330,334.00.

Bob White, a vocational rehabilitation specialist, testified that the prognosis for Ms. Dovers's future in the work force is poor. He stated that unless she makes significant medical improvement, it is highly doubtful that she will ever be able to return to work. On cross-examination, and over Ms. Dovers's objection, the appellees were permitted to ask Mr. White about secondary gain. In his testimony, he acknowledged that secondary gain can contribute to a person's disability, and that there are people who may have reasons for wanting to be disabled or appear to be more disabled than they are. However, Mr. White also indicated that monetary motivations such as a lawsuit, or not wanting to return to work, do not seem to apply to Ms. Dovers.

After Ms. Dovers rested her case, Mr. Guffey testified for the defense. He stated that after the Jeep entered the highway, the Jeep and Ms. Dovers's car got about half a mile in front of him, and that he was within twenty feet of Ms. Dovers's vehicle when her brake lights came on. He stated, "She's going five miles an hour on the interstate, and I'm going at least fifty." He testified that he was paying attention and not speeding or following too closely, and that there was nothing he could have done to avoid the accident. He further stated that, after the accident, Ms. Dovers told him it was not his fault but rather the fault of the driver of the black Jeep.

Ms. Dovers's first point on appeal is that the jury's verdict in favor of the appellees was not supported by substantial evidence. She submits that for a plaintiff to lose a personal-injury case based on negligence, the jury must find one of the following: (1) that the plaintiff was not injured or that her injuries were not caused by the accident; (2) that the defendant was zero percent negligent in causing the accident; or (3) that the plaintiff was more at fault in causing her own injuries than the defendant. Ms. Dovers contends that no reasonable juror could have made any of the above findings based on the evidence in this case.

Ms. Dovers asserts that there was no serious dispute that she was severely injured as a result of the accident. She further argues

that no reasonable juror could have found Mr. Guffey free from negligence, and notes that the jury was given an instruction based on Ark. Code Ann. § 27-51-305 (Supp. 2001), which provides in pertinent part:

> (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of vehicles and the traffic upon and the condition of the highway.
>
> (b)(1) The driver of any motor truck or any motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred feet (200') of another motor vehicle.

Ms. Dovers argues that, by Mr. Guffey's own admission, he violated both of the above concepts while at the same time claiming to have done all he could to avoid the accident. She further argues that comparative fault was not an issue at trial and there was no evidence of any negligence on her part. Because there was no evidence to support the jury's verdict in favor of the appellees, Ms. Dovers contends that the verdict must be reversed.

Ms. Dovers's second argument is that the trial court erred in denying her motion for new trial because the jury's verdict was not supported by substantial evidence. Ms. Dovers's motion for new trial was based, in part, on the ground that the verdict was clearly contrary to the preponderance of the evidence pursuant to Rule 59(a)(6) of the Arkansas Rules of Civil Procedure. As the trial court's denial of Ms. Dovers's new-trial motion is the basis for both her first and second arguments on appeal, we will address these as one argument.

■ ■ The trial court is not to substitute its view of the evidence for that of the jury's unless the jury verdict is found to be clearly against the preponderance of the evidence. *Schrader v. Bell*, 301 Ark. 38, 781 S.W.2d 466 (1989). On appeal, our test for reviewing the denial of a motion for new trial is whether there is any substantial evidence to support the jury verdict. *Hodges v. Jet Asphalt Co., Inc.*, 305 Ark. 466, 808 S.W.2d 755 (1991). In determining the existence of substantial evidence, we must view the evidence in the light most favorable to the appellee. *Ray v. Green*, 310 Ark. 571, 839 S.W.2d 515 (1992). Substantial evidence compels a conclusion one way or the other and is more than mere

speculation or conjecture. *Id.* A jury verdict should not be disturbed unless fair-minded people can only draw a contrary conclusion. *Pineview Farms, Inc. v. Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989).

We hold that fair-minded people could not have found that Mr. Guffey was free from negligence, and that the jury's verdict is not supported by substantial evidence. Therefore, we hold that the trial court erred in failing to grant a new trial, and we reverse and remand.

We agree with Ms. Dovers that there can be no doubt that she suffered damages as a result of the accident. Comparative fault was not an issue in this case, and the jury's duty was to determine whether Mr. Guffey was negligent and the extent to which his negligence caused the accident. From the evidence presented, including Mr. Guffey's own testimony, no reasonable juror could have found that Mr. Guffey was zero-percent negligent in causing the accident.

By Mr. Guffey's own admission, he was aware that the black Jeep was driving erratically and twice braked causing both him and Ms. Dovers to slow down. He further testified that at one point, there was a half-mile separating his truck and Ms. Dovers's car. He stated that his tractor-trailer was within twenty feet of Ms. Dovers's vehicle when he first observed brake lights. There was no evidence of any negligence on the part of Ms. Dovers, as she was able to come to a stop behind the black Jeep without colliding with it. While there was evidence that the driver of the black Jeep was negligent, fair-minded people could only have concluded that Mr. Guffey was either following too closely or being inattentive, and that his negligence contributed in some measure to his collision with Ms. Dovers's car.

The appellees contend that this case is analogous to *Ray v. Green, supra,* and *Anderson v. Graham,* 332 Ark. 503, 966 S.W.2d 223 (1998). We disagree. In *Ray v. Green, supra,* the jury returned a defense verdict and the supreme court affirmed the trial court's denial of appellant's motion for new trial. In that case, the evidence showed that the appellant was in a car stopped on the highway, with its left-turn signal blinking, and the appellee was following a pickup truck that passed the stopped vehicle using the

right shoulder of the highway, and when this occurred appellant struck appellee's car. In *Anderson v. Graham, supra,* the jury returned a defense verdict, and the supreme court affirmed. In that case, the appellants were stopped on a two-lane road because the vehicle in front of them had come to a halt trying to make a left turn. The appellee was driving a tractor-trailer rig, and had just crested a hill when he noticed the stopped car and was thereafter unable to stop in time to avoid a collision.

■ The cases cited by the appellees did not involve following too closely or not paying attention. Rather those cases involved situations where the appellee-drivers were using ordinary care but were confronted with dangerous situations resulting in unavoidable accidents. The present case differs in that Mr. Guffey had a clear view of the situation with which he was confronted, yet failed to take the precautions necessary to avoid an accident.

■ ■ Because the trial court erred in denying Ms. Dovers's motion for new trial, the case is reversed and remanded for new trial. However, we will address the remaining evidentiary matters as they may arise again at a new trial. *See Balentine v. Sparkman,* 327 Ark. 180, 937 S.W.2d 647 (1997).

■ ■ Ms. Dovers's first evidentiary argument is that the trial court erred in not allowing her to introduce evidence of appellees' insurance. As a general rule, it is improper for either party to introduce or elicit evidence of the other party's insurance coverage. *York v. Young,* 271 Ark. 266, 608 S.W.2d 20 (1980). This principle is part of the collateral-source rule, which excludes evidence of benefits received by a plaintiff from a source collateral to the defendant. *Patton v. Williams,* 284 Ark. 187, 680 S.W.2d 707 (1984). However, when a party testifies about his or her financial condition in a false or misleading manner, he or she opens the door for the introduction of evidence that might otherwise be inadmissible under the collateral-source rule. *Younts v. Baldor Elec. Co.,* 310 Ark. 86, 832 S.W.2d 832 (1992).

Ms. Dovers argues that the appellees opened the door to evidence of insurance coverage when it elicited testimony from Terry Joe Stephenson that Stephenson Oil Company is a small, family-owned operation. She contends that she was prejudiced by this testimony because it gave the false or misleading impression the

Stephenson Oil Company would be forced to absorb any loss alone, when in fact there was insurance coverage to set off the cost of any verdict.

██ ██ A trial court's ruling on the admission of evidence should not be reversed absent an abuse of discretion. *O'Fallon v. O'Fallon*, 341 Ark. 138, 14 S.W.3d 506 (2000). We hold that the trial court did not abuse its discretion in refusing to allow Ms. Dovers to inquire about the appellees' insurance. Mr. Stephenson testified that Stephenson Oil Company is a trucking company certified by the Department of Transportation to carry hazardous materials, specifically gasoline, and indicated that he has worked for the business since 1991. The fact that the business is small and family owned says nothing about whether it is financially successful or whether it carries insurance. We find no error in the trial court's determination that this evidence was not misleading and did not open the door to evidence of insurance.

Ms. Dovers's next argument is that the trial court erred in allowing the appellees to introduce evidence that Mr. Guffey did not receive a ticket. She cites *Breitenberg v. Parker*, 237 Ark. 261, 372 S.W.2d 828 (1963), for the proposition that it is improper in a personal injury action to ask a question about whether the defendant received a ticket for a traffic violation. In this case, Trooper Goshon was asked whether he issued a ticket to Mr. Guffey, and he responded that he did not. Ms. Dovers objected, and now argues that the testimony was inadmissible and prejudicial, and that the trial court offered no admonition to cure the prejudice.

 Although it is improper in a negligence action to inquire whether the defendant was cited for a traffic violation, Ms. Dovers's argument fails here for three reasons. While Ms. Dovers objected to the testimony that no ticket was issued, she did not obtain a ruling, and failure to obtain a ruling from the trial court is a procedural bar to the consideration of the issue on appeal. *See Madden v. Aldrich*, 346 Ark. 405, 58 S.W.3d 342 (2001). Furthermore, Ms. Dovers did not request an admonition to the jury, which could have cured any prejudice. *See generally James v. Bill C. Harris Constr. Co., Inc.*, 297 Ark. 435, 763 S.W.2d 640 (1989). Finally, no prejudice resulted because on redirect examination Trooper Goshon testified that, based on the information he gath-

ered from his investigation, he would have given Mr. Guffey a ticket if he had it to do over again.

The next evidentiary issue on appeal is Ms. Dovers's argument that the trial court erred in allowing hearsay testimony from Trooper Goshon. Specifically, she contends that the trial court erroneously allowed Trooper Goshon to testify that he gained information from a Cabot police officer that the officer tried to chase down the black Jeep after the accident. Ms. Dovers argues that this resulted in prejudice because it gavè the impression that the authorities thought the driver of the black Jeep was responsible for the accident.

We agree that the statement was hearsay and was inadmissible under Ark. R. Evid. 802. The statement was offered to prove that the Cabot police officer followed the black Jeep, and was prejudicial because it tended to show that the driver of the Jeep, rather than Mr. Guffey, caused the accident. The appellees argue that the statement was not offered for the truth of the matter asserted, but we disagree. The information was not offered to show what information Trooper Goshon was acting upon during his investigation, or to explain his subsequent actions, because there was no evidence that Trooper Goshon pursued the driver of the black Jeep. We hold that the trial court abused its discretion in permitting the hearsay testimony.

Ms. Dovers's remaining argument is that the trial court erred in allowing the appellees to introduce evidence of secondary gain. We agree that evidence of secondary gain was improper because our supreme court, in *Rodgers v. CWR Constr., Inc.*, 343 Ark. 126, 33 S.W.3d 506 (2001), held that expert testimony regarding secondary gain is irrelevant and inadmissible when there is no evidence of secondary gain involved in the plaintiff's case. In the present case, there was no evidence of secondary gain and Dr. White testified that monetary concerns or lack of motivation to return to work did not seem to apply to Ms. Dovers. However, we agree with the appellees that Ms. Dovers waived this argument. Although the trial court overruled Ms. Dovers's objection to a question about secondary gain on cross-examination, the question was not answered and the line of questioning was not further pursued. It was on redirect examination

that Ms. Dovers developed the issue, and thus she opened the door to the testimony that she now asserts was inadmissible.

Reversed and remanded for further proceedings consistent with this opinion.

BIRD and GRIFFEN, JJ., agree.