MOTHERSHEAD *v.* DOUGLAS.

4-8904

221 S. W. 2d 424

Opinion delivered June 13, 1949.

Rehearing denied July 4, 1949.

*R. W. Tucker,* for appellant.
*Chas. F. Cole,* for appellee.

HOLT, J. Appellant, Mothershead, owns 1,950 shares of stock in the Polk-Southard Mining Company, an Arkansas Corporation, in Batesville, Arkansas. Appellees constitute a majority of the board of directors and stockholders. E. P. Douglas is its president and J. Ray Nuckols, secretary-treasurer.

This corporation acquired certain mining property and equipment from J. R. Davis and assumed a substantial mortgage indebtedness held against the property by the Hendricks Mining & Milling Company, a partnership.

In the latter part of 1947, there was due on this debt to the partnership $45,000, which the Polk-Southard Mining Company was unable to pay. After some negotiations, the Hendricks partnership agreed to accept by way of compromise $15,000 in full settlement of the above debt. To arrange to secure this latter amount, the Board of Directors of the Polk-Southard Mining Company held a meeting January 24, 1948, at which the following action was taken: "January 24, 1948. Present the following Directors; E. P. Douglas; H. C. Hummel; M. L. McNaught; and R. E. Sanders; Moved by Mr. Sanders and seconded by Mr. McNaught that the president and secretary be authorized to sign a note in the amount of $49,000, plus interest at six per cent, payable within sixty days, made payable to Mr. Douglas, Mr. Hummel, Mr. W. E. Shutt, Mr. M. C. Shutt, Mr. J. R. Nuckols, Mr. Bickel, Mr. M. L. McNaught and Mr. C. F. Pennington.

"This note to cover the advance of $4,000 made by these men at an earlier date and the $45,000 mortgage which they took over from Mr. Hendricks in order that Mr. Hendricks could not foreclose. Motion carried."

On this same day, the Polk-Southard Mining Company, by its president, Douglas, and its secretary-treasurer, Nuckols, executed to the appellees for themselves as individuals, its note for $49,000, secured by deed of trust on the property belonging to the Mining Corporation, due 60 days from date, with 6% interest.

April 13, thereafter, appellees, including Douglas and Nuckols, sued the Polk-Southard Mining Company on the $49,000 note and asked that the deed of trust be foreclosed, and on June 1, 1948, decree was entered for $49,000 and sale of the property ordered.

On July 8, 1948, appellant, a stockholder, intervened, denying that the Polk-Southard Mining Company was indebted to appellees in the sum of $49,000, but alleged the actual indebtedness to be $15,000, or less, denied appellees' right to purchase a claim owed by the Corporation, and alleged fraud. His prayer was that the decree be set aside and that the order of sale of the property be withheld pending final determination of the rights of the parties.

Trial on appellant's intervention was had October 7, 1948, which resulted in the dismissal of the intervention for want of equity.

Prior thereto, June 1, 1948, the property was sold under the foreclosure decree for $42,500, and the sale later confirmed.

From undisputed facts presented by this record, appellees, as directors of the Polk-Southard Mining Company, stood in a fiduciary relation to the stockholders of the corporation, were their trustees in handling its affairs and at all times owed the utmost good faith to these shareholders who elected them. They could not, therefore, take advantage of the company's insolvent condition to purchase claims against it for their own personal benefit, contrary to the trust imposed upon them.

The principles of law announced in our own case of *Hornor* v. *New South Oil Mill*, 130 Ark. 551, 197 S. W. 1163, are controlling here. There, speaking through the late Judge Hart, this court said: "A corporation can only act by agents and the directors are the governing body of the corporation. They stand in a fiduciary relation to the corporation and its stockholders. They owe the duty of the utmost good faith toward the corporation and toward the shareholders who elect them. *Nedry* v. *Vaile*, 109 Ark. 584, 160 S. W. 880. * * *

"In Thompson on Corporations, Vol. 2 (2d Ed.), par. 1238, the rule is stated as follows: 'It may be stated as a general rule that a director will not be permitted to purchase claims against the corporation, either when he owes to it the duty of acting in its interests and for its benefits, or when, knowing the corporation to be insolvent, he buys such claims for his own benefit, intending thereby to get an advantage over the other creditors and hold the claims thus purchased against the corporation for their full amount. In all such cases it may be said that the director will have no claim against the corporation beyond the amount actually expended by him. Thus a director acting as a special committee to settle certain claims against the corporation, can not claim for himself the benefit of reductions secured by him in the adjustment and compromise of claims, though purchased by him with his own funds.' "

The evidence is not sufficiently clear, or developed, for this court to determine the correct amount which appellees had expended in satisfaction of the Hendricks partnership debt. Whether they had expended $19,000 as they claim, or only $4,000, as appellant claims, or $15,000, the amount that the Hendricks partnership agreed to take in settlement of the debt, we cannot say, on the record presented.

Accordingly, the decree is reversed and the cause remanded with directions to set the sales aside and ascertain the correct amount expended by appellees and enter a decree in their favor and for further proceedings consistent with this opinion. All costs in both courts to be borne by appellees.