MOTHERSHEAD *v.* PONDER, CHANCELLOR.

4-9908                                          250 S. W. 2d 121

Opinion delivered June 30, 1952.

*R. W. Tucker,* for petitioner.

*Chas. F. Cole,* for respondent.

PER CURIAM. The petition is for an order commanding the Chancellor to enter a decree consistent with this court's opinion in Cause No. 9560. The opinion was delivered October 22, 1951 (see *Mothershead* v. *Douglas,* 219 Ark. 457, 243 S. W. 2d 761). It was there held that E. P. Douglas and others were bound by a bid of $42,500 for personal property pertaining to mining operations, less $19,000 ($4,000 + $15,000) mentioned in the second paragraph of the opinion. It was further said that property having a value of $23,000 was unaccounted for.

Petitioner in his application for mandamus asks (a) that the Chancellor be compelled to enter a decree charging Douglas with $42,500 as of October 7, 1948, ''. . . allowing them credit for $19,000 therein if the court feels they should be allowed such under the facts''; (b) allowing Douglas and his associates credit ''. . . for their proportionate part of the aforesaid amount as stockholders, provided they furnish the records of stockholders showing the names of stockholders and the total outstanding stock in the Polk-Southard Mining Co., and pay the balance less the sum of $1,260.91 held by the clerk, into the registry of the court for distribution to all stockholders other than themselves.''

The final prayer was that the Chancellor be compelled to hold Douglas, his associates, and their solicitor in contempt for failure to furnish a list of the stockholders and the record thereof, and for failure to pay the amount adjudged against them immediately into the registry of the court, and to punish them for contempt if such contempt is not immediately purged.''

. . On May 12, 1952, the Chancellor made the following docket entry: ''Decree. Interveners given judgment

against E. P. Douglas for 42,000, less $19,000, plus interest from Jan. 24, 1946, until Oct. 7, 1946. Credit for proportionate stock held by plaintiffs. Interest on it to begin as of this date. Plaintiffs pay all costs. Title to all properties vested in plaintiffs; residue of money after payment of costs and Potter's fee to be held in the registry of the court to be applied on amount of judgment. No credit until satisfactory evidence re: stockholders presented. Clerk instructed to pay all court costs. Exceptions of interveners to interest on judgment.''

It will be observed that petitioner's prayer goes to matters not adjudicated in this court's opinion of October 22, 1951—that is, the stock transactions. Neither did we pass upon distribution of the item of $1,260.91 now said to be held by the clerk.

The extraordinary writ of mandamus will not issue where any question of fact is to be determined; nor would we direct the Chancellor to issue contempt citations, as suggested by the petitioner, unless the ability to pay from funds to which a trust attaches is first shown, together with essential circumstances touching the debtor's failure to obey the trial court's directive.

We think the better procedure would be for petitioners, as the prevailing parties under our decision of October 22, to prepare a precedent and submit it to the trial court. Then, if they are not satisfied, an appeal would lie and the litigation would be advanced for an early submission.