MOTHERSHEAD *v.* DOUGLAS.

5-29                                     255 S. W. 2d 953

Opinion delivered March 16, 1953.

_____
[4] These words are from our Statute previously quoted, Sec. 81-1302.

*R. W. Tucker,* for appellant.

*Chas. F. Cole,* for appellee.

J. Seaborn Holt, Justice. This is the fourth appearance of some phase of this litigation before this court, *Mothershead* v. *Douglas,* 215 Ark. 519, 221 S. W. 2d 424, opinion June 13, 1949, *Mothershead* v. *Douglas,* 219 Ark. 457, 243 S. W. 2d 761, opinion October 22, 1951 and *Mothershead* v. *Ponder, Chancellor* (Mandamus), 220 Ark. 816, 250 S. W. 2d 121, *Per Curiam* opinion June 30, 1952.

The decree from which is this appeal (for convenience we number the paragraphs) recites: "(2) And the Court being well and sufficiently advised in the premises entered judgment in favor of the Intervener's, John L. Mothershead, Russell E. Egan, Elizabeth Egan, Anity Cissell, Nellie M. Cissell, Pat Rose Egan, Randall F. Egan, Norma B. Allen, for themselves and for the use and benefit of all other stockholders of the Polk-Southard Mining Co., a corporation, and against E. P. Douglas in the sum of $42,500.00, as directed by the Supreme Court in its opinion of October 22nd, 1951, and the Mandate issued thereon. It is further ordered and directed by this Court that said judgment be, and the same is hereby credited with the sum of $19,000.00, plus interest thereon at six per cent (6%) per annum from January 24, 1948, until October 7th, 1948, amounting to $810.67, making a total credit of $19,810.67 on said judgment, and leaving a balance due thereon of $22,689.33.

"(3) It is further ordered that said judgment should be credited with an amount equal to the proportionate part of the capital stock in the Polk-Southard Mining

Company held and owned by E. P. Douglas, J. Ray Nuckolls, Harry C. Hummel, Walter E. Shutt, Maurice L. McNaught, Marshall C. Shutt and Wm. A. Bickel, that such stock held by said parties bears to the total amount of the outstanding capital stock of the Polk-Southard Mining Company. It is further ordered and directed that this cause be continued to permit said plaintiffs to introduce satisfactory evidence as to the total amount of the outstanding stock of the Polk-Southard Mining Company, and the amount of such capital stock held and owned by these plaintiffs. It is further ordered and directed that the judgment entered herein shall bear interest from this date until paid at the rate of six per cent (6%) per annum.

"(4) It is further ordered and directed that title to all properties formerly owned by the Polk-Southard Mining Company, as evidenced by the proof heretofore adduced in this cause, be and the same is hereby vested in the plaintiff, E. P. Douglas.

"(5) It is further ordered and directed that the Clerk of this Court shall pay to L. G. Potter, as a fee for his services as Receiver, from the monies held by him in escrow, the sum of $200.00; and also to pay all costs of this action out of the funds so held by him in escrow. It is further ordered and decreed that all costs herein be adjudged against the plaintiff, E. P. Douglas. It is further ordered and directed that after the payment of above Receiver's fee and costs, that the Clerk of this Court retain the balance of the funds now held by him, to be applied on amount of judgment."

We have concluded that the above decree should be affirmed with the following modifications:

The decree (paragraph (2)) should be against not only "E. P. Douglas" but against all of the other plaintiffs, H. C. Hummell, W. E. Shutt, M. C. Shutt, J. R. Nuckolls, W. A. Bickel, C. F. Pennington and Maurice L. McNaught, for $42,500 less $19,810.67, or for $22,689.33, with interest thereon from October 7, 1948, until paid.

The record, when this case was before us in our original opinion, above, 215 Ark. 519, 121 S. W. 2d 424, shows that the property here involved was sold to and confirmed in E. P. Douglas and the other above named plaintiffs on October 7, 1948, and therefore the interest (as indicated) must be computed from that date.

The title to the property of Polk-Southard Mining Co. should have been vested in all of the plaintiffs and not in Douglas alone and paragraph (4) of the decree should be modified accordingly.

Also, paragraph 5 in which all costs are adjudged against Douglas should be modified to assess the costs against all of the plaintiffs herein and not against Douglas alone.

It will be noted in paragraph (3), above, the court "ordered and directed that this cause be continued to permit said plaintiffs to introduce satisfactory evidence as to the total amount of the outstanding stock of the Polk-Southard Mining Company, and the amount of such capital stock held and owned by these plaintiffs."

What credit, if any, therefore that may be allowed the plaintiffs (appellees here) on the judgment against them herein for any stock held by them has not yet been determined by the trial court and is not an issue here.

As modified, the decree is affirmed.