Phillip Leon RASTLE *v.* MARION
COUNTY RURAL SCHOOL DISTRICT
NO. 1 et al

76-153            543 S.W. 2d 923

Opinion delivered December 13, 1976
(In Banc)

*Frank H. Bailey* and *Richard S. Paden*, for appellant.

*Donald J. Adams* of *Adams & Covington*, for appellees.

GEORGE ROSE SMITH, Justice. The appellant Rastle, a school teacher, was employed by the Marion County Rural School District to teach during the school year running from September, 1974, to May, 1975. At the end of the school year

the district apparently decided not to renew Rastle's contract, but the district failed to give the required notice that the contract was being terminated. *Newton v. Calhoun County Sch. Dist.*, 232 Ark. 943, 341 S.W. 2d 30 (1960). During the following summer the district was divided into two new districts, comprising the same territory as that of the original district.

When the new districts refused to recognize Rastle's contractual right to teach during the ensuing school year, he brought this suit, in equity, asking that the districts be compelled by a writ of mandamus to execute a voucher in the amount of his salary or, alternatively, that he have judgment for that amount. Without objection the case was transferred to the circuit court. In the course of a trial without a jury, Rastle testified that between the beginning of the 1975-1976 school year and the date of trial, February 13, 1976, he had earned $2,185 in other employment. The trial judge dismissed the complaint, finding that Rastle did not have a clear right to a writ of mandamus, that the court did not have jurisdiction to award a money judgment in a mandamus proceeding, and that the plaintiff had an adequate remedy at law.

The court was undoubtedly right in denying the request for a writ of mandamus to compel the districts to issue a voucher for the amount of the plaintiff's agreed salary. The testimony presented an issue of fact as to the amount to be credited in mitigation of damages. The writ of mandamus will not be issued when there is a question of fact to be decided. *Mothershead v. Ponder*, 220 Ark. 816, 250 S.W. 2d 121 (1952). Moreover, at the time of trial the school year still had several months to run, during which Rastle might have earned additional mitigating income.

Rastle argues, however, that the trial court was wrong in holding that it did not have jurisdiction to award money damages in a mandamus proceeding. That question depends upon whether the two causes of action can be joined in the same proceeding.

Act 73 of 1967 enlarged the classes of actions that may be joined, but that act does require that the causes of action

"be prosecuted by the same kind of proceedings." Ark. Stat. Ann. § 27-1301 (Supp. 1975). A suit for breach of contract is a common-law action, triable by jury. By contrast, an action for mandamus is a special proceeding, to be tried by the court. Ark. Stat. Ann. § 33-108 (Repl. 1962). Such a petition "shall have precedence over all other actions and proceedings and shall be heard and determined summarily." Section 33-104. It is to be heard within seven days, § 33-106, but in a common-law action the defendant need not file his answer until 20 days after the service of summons. Ark. Stat. Ann. § 27-1135 (Repl. 1962).

We think it clear that the two actions are so procedurally incompatible as to prevent their joinder. That seems to be the implication of our decision in *School Dist. No. 3* v. *Bodenhamer,* 43 Ark. 140 (1884), which was also an action for the recovery of a teacher's wages. In rejecting the school district's contention that the teacher should have sought a writ of mandamus, we said: "The writ of mandamus is frequently employed to compel public corporations to perform their duties towards their creditors. But there must first be a judgment to establish the validity and amount of the debt." That decision was adhered to in *Huie* v. *Barkman,* 179 Ark. 772, 18 S.W. 2d 334 (1929), although the existence of a statute expressly providing a remedy by mandamus led to a different result.

If the suggested joinder were permitted, two separate trials in a single lawsuit would frequently be necessary — one with a jury and the other without a jury. Under the statute the mandamus action would take precedence and should be tried first, but under the *Bodenhamer* opinion disputed questions of fact should first be settled by the trial of the common-law action. Such multiple possibilities of confusion are readily avoided by simply holding, as we do, that the two causes of action cannot be joined and that the plaintiff, as is true in many situations, must make an election between two remedies.

Affirmed.