2010 Ark. App. 663

**Randall and Demita MITCHELL, Appellants**

v.

**Sarah FELLS, Appellee.**

**No. CA 09–1193.**

Court of Appeals of Arkansas.

Oct. 6, 2010.

H. Walker Bradley, Castlaw Law Firm, PLLC, Little Rock, for appellant.

Everett O. Martindale, Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

This is a reformation case involving real property sold by the sellers, appellants Randall and Demita Mitchell, to the buyer, appellee Sarah Fells. The Mitchells owned "Lot 6, Block 23, Centennial" in Little Rock. That lot contains two houses: 1523 Wolfe on the western 90 feet of the lot, and 1716 West 16th on the eastern 50 feet of the lot. The central controversy in this case is whether the parties intended their transaction to apply to only one house or to both of these houses. The warranty deed prepared by Stewart Title and signed by the Mitchells and recorded on January 10, 2006, conveyed to Ms. Fells the entire tract on which both houses were situated. Specifically, the deed purported to convey "The east 50 feet and the west 90 feet of Lot 6." After a corrected deed was recorded on January 3, 2007, which changed the description to include only the western 90 feet of the lot, Ms. Fells brought an action against the Mitchells for slander of title. The Mitchells answered and counterclaimed for reformation of the deed alleging that the parties intended that only one of the houses, 1523 Wolfe on the western 90 feet of the lot, be included in the conveyance. A jury trial was held, and the slander of title action was resolved against Ms. Fells by a directed verdict and is not the subject of this appeal. The trial proceeded on the counterclaim, the jury found for Ms. Fells, and the trial court entered a judgment denying the Mitchells' claim for reformation. The trial court also denied the Mitchells' posttrial motion for judgment notwithstanding the verdict and a new trial. The Mitchells now appeal, challenging the sufficiency of the evidence to support the jury's verdict. Ms. Fells cross-appeals, arguing that the trial court erred in not awarding her a judgment of $12,000 against the Mitchells for rents they wrongfully collected from a tenant living at 1716 West 16th after the property was conveyed. We reverse on direct appeal, and we affirm on cross-appeal.

The facts of this case are as follows. Ms. Fells is in her 70s and is afflicted with advanced diabetes, which confines her to her bedroom. She formerly rented a house near the Little Rock Airport but was forced to relocate due to expansion of the airport facility. That is when she entered into negotiations with the Mitchells to buy a house. The airport provided Ms. Fells about $12,000 for her to relocate and also provided a home inspector and appraiser. The home inspector and appraiser were directed by the airport's representative to inspect and appraise, respectively, the house at 1523 Wolfe. The inspector identified numerous defects at that house, which the Mitchells repaired. Subsequently the appraiser appraised the property at 1523 Wolfe, west 90 feet of lot 6, at $52,500. The appraisal was dated December 15, 2005, which was just a couple of weeks before the closing.

A couple of months before the appraisal, on October 26, 2005, the Mitchells and Ms. Fells signed an "Offer to purchase real estate." This document described the property as 1523 Wolfe but more particularly described it as "Lot 6, Block 23, Centennial." The purchase price on that document was $56,500.

Sometime after the parties signed the "Offer to purchase real estate," Ms. Mitchell made some handwritten changes to the document. She added "West 90 feet of" in front of "Lot 6, Block 23, Centennial." She also crossed out the purchase price of $56,500 and instead entered $52,500 so that the purchase price equaled the appraised value. All of the parties, including Ms. Fells, signed their signatures next to these changes on the document.

In order to finance the transaction, which was for $52,500, Ms. Fells gave the Mitchells a $12,789 down-payment provided by the airport, and she executed a note and mortgage for the balance. The settlement statement identifies the property location as 1523 Wolfe.

When the Mitchells filed their counterclaim for reformation of the deed, they requested that the deed be reformed so that title to the eastern 50 feet of Lot 6 remained in them. In essence, the Mitchells claimed that this portion of the lot, which contained the house with the 1716 West 16th address, was never intended by the parties to be conveyed and that the correct title should conform with the intentions of the parties. At the close of the jury trial, the jury was given the following interrogatory:

> Do you find that the Defendants have proven by clear and convincing evidence that at the time the agreement was reduced to writing, both parties intended the legal description in the deed to say the West 90 feet of Lot 6 Block 23 Centennial Addition to the City of Little Rock, Arkansas and, by mutual mistake, it expressed something different?

The jury returned a verdict of "No" to the above question. The trial court subsequently entered a "judgment upon jury verdict" providing that the Mitchells failed to meet their burden of proof as to a mutual mistake, and denying the Mitchells' claim for reformation of the deed.

After the trial court entered its order denying appellants' claim for reformation, the Mitchells filed a motion for judgment notwithstanding the verdict and for new trial, wherein they alleged that the evidence did not support the verdict and the verdict was clearly contrary to the preponderance of the evidence and the law. That motion was deemed denied, and the Mitchells are now appealing from both the "judgment upon jury verdict" and the denial of their post-trial motion.

At the jury trial, Ms. Fells testified that when she bought the property nobody told her she was only going to get part of a lot. She stated that she thought she was buying a house and a full lot. However, Ms. Fells also testified that she was just buying one house and never thought she was buying a second house; that she believed the Mitchells only intended to sell her the one house at 1523 Wolfe; that they never talked about the other house and she did not even know it was on the lot until a year after the transaction; and that she did not intend for the Mitchells to give her the second house. There was also evidence presented at trial making it clear that the home inspection and appraisal relied on by the parties only pertained to the house at 1523 Wolfe.

Ms. Mitchell testified that they lowered the selling price to match the appraised value of the house at 1523 Wolfe, and that the parties never spoke about the house at 1716 West 16th. Ms. Mitchell indicated that the only house that Ms. Fells wanted to buy was the one at 1523 Wolfe, and that that was the only house the Mitchells intended to sell. She said she found out about the mistake when Ms. Fells's son called complaining about being assessed taxes on both houses. Mr. Mitchell confirmed in his testimony that they only

intended to convey one house, asserting that Stewart Title put the wrong description in the deed and that he did not catch the mistake before signing it.

In this appeal, the Mitchells argue that the trial court erred in denying their counter-claim for reformation, and that the trial court should have granted their motion for judgment notwithstanding the verdict because of an absence of evidence to support the verdict. Alternatively, the Mitchells ask for a new trial on the basis that the jury's finding that there was no mutual mistake was clearly against the preponderance of the evidence.

In *Statler v. Painter*, 84 Ark.App. 114, 118–19, 133 S.W.3d 425, 428 (2003), we wrote:

Reformation is an equitable remedy that is available when the parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement. A mutual mistake is one that is reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument. A mutual mistake must be shown by clear and decisive evidence that, at the time the agreement was reduced to writing, both parties intended their written agreement to say one thing and, by mistake, it expressed something different. Whether a mutual mistake warranting reformation occurred is a question of fact. (citations omitted).

The Mitchells argue that because of a draftman's error the warranty deed incorrectly purported to convey the entire Lot 6 to Ms. Fells. Appellants assert that from the evidence it was clear that there was a mutual mistake and that both parties intended for Ms. Fells to purchase only the house on the western 90 feet of the lot at 1523 Wolfe, and that the other house and portion of Lot 6 was never contemplated by their agreement. Appellants note that in her own testimony Ms. Fells agreed that she only intended to buy one house. And when the agreement was reached, the purchase price was set using an appraisal of only the house at 1523 Wolfe. Because the undisputed facts demonstrated a mutual mistake, the Mitchells submit that the jury's finding to the contrary was not supported by substantial evidence. That being the case, appellants contend that the trial court erred in failing to grant either a judgment notwithstanding the verdict or a new trial.

Pursuant to Arkansas Rule of Civil Procedure 50(e), a party who has the burden of proof may appeal challenging the sufficiency of the evidence to support a jury verdict adverse to that party, and may do so without making a directed-verdict motion to the trial court. Where the sufficiency of the evidence to support a jury verdict is the issue on appeal, the standard of review is whether the verdict is supported by substantial evidence.[1] *Dovers v. Stephenson Oil Co.*, 354 Ark. 695, 128 S.W.3d 805 (2003); *Schaeffer v. McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985). Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Dovers, supra.* In the case at bar, we hold that there was no substantial evidence for the jury to conclude anything other than that a mutual mistake

---

1. The counterclaim for reformation is an equitable action and would not have been subject to a jury trial determination, at least prior to passage of Amendment 80. However, since neither party objected to the counterclaim being decided by a jury, we will apply the standard of review applicable to jury trial verdicts.

was made and that both parties intended for the sale to pertain only to the western 90 feet of the lot containing one house.

Prior to the sale, an inspector inspected only the house at 1523 Wolfe and identified defects, which the Mitchells repaired. The property containing just that house appraised for $52,500, which was used to set the purchase price in the parties' agreement. A fence separated the two houses, there were separate legal descriptions, and the houses were taxed separately. In the written offer the correct legal description containing only the one house was included by a written amendment signed by both parties. And Ms. Fells testified that at all times she intended to buy only one house and indicated that she was unaware that Lot 6 even contained a second house until a year after the parties' agreement was consummated. When asked, "You don't intend for them to give you a second house, do you?" Ms. Fells answered "no." She testified that she believed the Mitchells only intended to sell her one  house at 1523 Wolfe, that the house she moved into was the only one she thought she was buying, and that they never discussed the other house. Both parties clearly and decisively indicated in their testimony that a mutual mistake was made, and there was no rational basis for the jury to conclude otherwise. Therefore, the trial court's judgment denying the Mitchells' claim for reformation is reversed and we remand this case for entry of an order reforming

the deed to conform with the intentions of the parties.

■ Finally, we turn to Ms. Fells's cross-appeal. There was testimony by Mrs. Mitchell that after the conveyance occurred the Mitchells collected rent from a tenant living at the other house on Lot 6. This rent was for $300 per month and totaled $12,000 from the date of the sale until the reformation suit was decided in favor of Ms. Fells. Ms. Fells now argues that the judgment entered by the trial court should have awarded her $12,000 against the Mitchells for the rent they wrongfully collected from her tenant. However, we affirm the cross-appeal because the Mitchells have prevailed on direct appeal of their reformation action. When a contract is reformed, the decree relates back and takes effect from the date of the original execution of the contract. *See Hampton School Dist. v. Phillips*, 251 Ark. 90, 470 S.W.2d 934 (1971).

Reversed and remanded on direct appeal; affirmed on cross-appeal.

HART, KINARD, GLOVER, and ABRAMSON, JJ., agree.

BROWN, J., concurs.