SLIP OPINION

Cite as 2017 Ark. 206

# SUPREME COURT OF ARKANSAS

**No.** CV-16-1038

| | | |
|---|---|---|
| GLORIA DANIEL | | **Opinion Delivered:** June 1, 2017 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-11-402] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

This appeal raises the following issue: Does statutory postjudgment interest on attorney's fees accrue when the right thereto was first established or when the fees were actually quantified in dollars and cents? The circuit court entered a money judgment confirming a jury verdict; by the same order, it also ruled that the plaintiff was entitled to attorney's fees. However, the court specified the precise attorney's fee amount by a separate order entered months later. We hold that statutory postjudgment interest on the attorney's fees accrues from this second order, which quantified the attorney's fee award to dollars and cents.

## I. *Facts*

A jury awarded Gloria Daniel $40,000 on her claim for retaliation under the Arkansas Whistleblower Protection Act.[1] On April 17, 2015, the circuit court entered judgment "plus

---

[1] We heard an earlier appeal of this case regarding sovereign immunity in *Smith v. Daniel*, 2014 Ark. 519, 452 S.W.3d 575.

costs and reasonable attorney's fees to be determined by the court." On July 24, 2015, the court entered a second order quantifying attorney's fees at $272,878. The Arkansas Department of Human Services, defendant below, sought to appeal the attorney's fees; however, the Department ultimately dismissed the appeal.[2]

The Department satisfied the judgment and fee award on June 10, 2016. The Department paid postjudgment interest on the attorney's fees from the date that the award was entered on July 24, 2015. But Daniel took the position that interest began to accrue on April 17, 2015, when the underlying judgment was entered and the court held she was entitled to attorney's fees. The dispute reached the circuit court via the Department's motion to compel entry of complete satisfaction. The court granted the motion. Daniel has now filed this appeal.

## II.  *Principles of Law and Analysis*

On appeal, we consider statutory interpretation de novo. *State v. Coble*, 2016 Ark. 114, 487 S.W.3d 370. The relevant statute provides the following: "[I]nterest on a judgment entered by a court shall bear interest . . . at ten percent (10%) per annum." Ark. Code Ann. § 16-65-114(a)(1)(B) (Supp. 2015). "Postjudgment interest is not designed to begin accruing prior to the entry of a final judgment." *Ford Motor Co. v. Washington*, 2013 Ark. 510, at 21, 431 S.W.3d 210, 222. "Public policy dictates that postjudgment interest is awarded by the courts in order 'to compensate the judgment creditor for the fact that he has not had the use of a certain sum of money that has been adjudged to be his.'" *S. Farm Bureau Cas. Ins.*

---

[2] Thus, the amount of attorney's fees awarded is not an issue before this court because the Department elected not to contest it.

*Co. v. Brinker*, 350 Ark. 15, 21, 84 S.W.3d 846, 849 (2002) (citing *Equifax, Inc. v. Luster*, 463 F. Supp. 352 (E.D. Ark. 1978)).

Daniel primarily relies on federal cases to support her argument that postjudgment interest accrues from the judgment that establishes the right to recover attorney's fees.[3] Yet these cases involve the interpretation of a federal statute, 28 U.S.C. § 1961(a). In any event a circuit split exists on the issue: at least three federal circuits have found that postjudgment interest for attorney's fees accrues when the award is actually quantified.[4]

We conclude that this view is more in line with the plain language of Arkansas's postjudgment–interest statute. The basic rule of statutory construction is to give effect to the intent of the legislature. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. When the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id*. In considering the meaning of a statute, we

---

[3] *See, e.g.*, *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 494 (6th Cir. 2001) ("Congress intended that postjudgment interest on all damages, including reasonable attorney fees and costs, would run from entry of judgment on the merits."); *Jenkins v. Missouri*, 931 F.2d 1273, 1277 (8th Cir. 1991); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir. 1983) (en banc) (per curiam), (*overruled in part on other grounds by Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986)); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1392 (9th Cir. 1995).

[4] *See, e.g.*, *Eaves v. Cty. of Cape May*, 239 F.3d 527, 542 (3d Cir. 2001) (concluding that "postjudgment interest on an attorney's fee award runs from the date that the District Court enters a judgment quantifying the amount of fees owed to the prevailing party rather than the date that the Court finds that the party is entitled to recover fees, if those determinations are made separately"); *Fleming v. City of Kane*, 898 F.2d 553, 565 (7th Cir. 1990) (recognizing that "[p]rior to the date that judgment on attorney's fees was entered . . . [the] unpaid attorney's fees [were] unliquidated and, as such, not entitled to interest"); *MidAmerica Federal Sav. & Loan Ass'n v. Shearson/American Express, Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992) (holding that attorney's fees began to accrue interest when they were "meaningfully ascertained and included in a final, appealable judgment").

SLIP OPINION

construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Pritchett v. City of Hot Springs*, 2017 Ark. 95, ___ S.W.3d ___.

Again, the statute here provides that interest bears on a "judgment." Ark. Code Ann. § 16-65-114(a)(1)(B). "In all judgments or decrees rendered by any court of justice for any debt, damages, or costs, and on all executions issued thereon, the amount shall be computed, as near as may be, in dollars and cents, rejecting smaller fractions." Ark. Code Ann. § 16-65-103. We have held that "a judgment for money must be a final determination of the rights of the parties in an action, *must specify the amount the defendant is required to pay*, and must be capable of enforcement by execution or other appropriate means." *Lawrence v. Ford Motor Credit Co.*, 247 Ark. 1125, 1128, 449 S.W.2d 695, 697 (1970) (emphasis added). We have also held that a judgment is not final for the purposes of appeal until the amount the defendant owes is reduced to dollars and cents. *Williamson v. Baptist Health Med. Ctr.*, 2017 Ark. 92, ___ S.W.3d ___; *Ford Motor Co. v. Washington*, 2013 Ark. 88. Here, the court did not specify the amount the Department had to pay in attorney's fees until its July 24, 2015 order. A judgement on attorney's fees did not exist until that date. Thus, the statutory postjudgment interest did not begin to accrue until then. To interpret the statute the other way would allow a party to delay quantification of attorney's fees to accrue interest at ten percent, a significant amount.

Daniel cites two Arkansas cases in further support, yet neither case is relevant. In *Mothershead v. Douglas*, we held that when a judgment is affirmed as modified on appeal, the postjudgment interest accrues from the date of the original judgment. 221 Ark. 756, 255 S.W.2d 953 (1953). We reaffirmed this principle in *Glover v. Woodhaven Homes, Inc.*, 346

Ark. 397, 57 S.W.3d 211 (2001). But there, the original judgment had been reversed on appeal. *Id*. We concluded that postjudgment interest following a reversed order accrues "only from the date that the new judgment is entered." *Id*. Neither *Mothershead* nor *Glover* addressed the question whether interest on an attorney's fee accrues from the underlying judgment or from the order quantifying the fee amount. Both concerned only the effect of a judgment that had been either reversed or modified on appeal.

Because we conclude that postjudgment interest on an attorney's-fee award accrues from the order setting the fee amount in dollars and cents, we affirm the circuit court's order confirming complete satisfaction.

Affirmed.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Gary L. Sullivan*, Ass't Att'y Gen., for appellee.