
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-17-204

| | |
|---|---|
| | Opinion Delivered October 25, 2017 |
| REGINA WILSON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-13-1220] |
| V. | |
| STATE OF ARKANSAS AND ARKANSAS GOVERNOR'S DEVELOPMENTAL DISABILITIES COUNCIL | HONORABLE WENDELL GRIFFEN, JUDGE |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Regina Wilson appeals the circuit court's order finding that she was entitled to interest on her award of attorney's fees from the date of the attorney's-fees judgment, not the date of the jury verdict in her favor. We affirm the circuit court.

Wilson sought damages for violation of the Arkansas Whistle-Blower Act, and in November 2015, a jury awarded her $127,000. On 3 December 2015, the circuit court entered a judgment on the jury verdict in the amount of $127,000 "plus attorney's fees, if any, and costs under Rule 54, all of which to bear interest in the amount of 10% until paid." On December 30, Wilson applied for attorney's fees in the amount of $214,305 and costs in the amount of $19,987.49. The defendants, the State of Arkansas and the Arkansas Governor's Developmental Disabilities Council (collectively "the State"), responded that the fee request was excessive and not reasonable.

SLIP OPINION

On 22 April 2016, the circuit court awarded $201,250 in attorney's fees and $3,009.81 in costs. On June 23, Wilson filed a partial satisfaction of judgment, noting that the State had paid her $341,213.39, which satisfied the principal and interest due on the jury verdict, the principal amount of attorney's fees and costs awarded, and the interest accruing on the attorney's fees and costs from 22 April 2016 to 22 June 2016. What remained, however, was a dispute over whether interest on the attorney's fees and costs should be calculated from the date of the judgment on the jury verdict or the date the fees and costs were quantified.

Wilson argued that interest should be calculated from the date of the judgment on the jury verdict, and while acknowledging that it was not directly on point, cited *Mothershead v. Douglas*, 221 Ark. 756, 255 S.W.2d 953 (1953), in support. In that case, our supreme court held that when a judgment is affirmed as modified on appeal, the postjudgment interest accrues from the date of the original judgment. The State asserted that interest does not accrue until the judgment amount is fixed by a final order, thus Wilson was not entitled to interest on the attorney's-fees award for the time between the December 2015 judgment and the April 2016 order awarding attorney's fees. Accordingly, the State moved for entry of a full satisfaction of judgment.

On 21 November 2016, the circuit court found that the relevant judgment for purposes of determining when interest begins to run is the judgment establishing the right to fees or costs and that interest does not accrue until the judgment amount is fixed by final order. The attorney's-fees amount was not fixed by order until 22 April 2016; therefore, interest should be calculated from that date. The court found that the State had satisfied the

judgments as to the principal and interest and granted the State's motion to compel satisfaction of judgment. Wilson now appeals this order.

Arkansas Code Annotated section 21-1-605(5) (Repl. 2016) provides that a plaintiff may be awarded "reasonable court costs and attorney's fees." We review attorney's-fees awards under an abuse-of-discretion standard. *Dunn v. Womack*, 2011 Ark. App. 393, 383 S.W.3d 893. On appeal, Wilson again cites to *Mothershead* as well as *Glover v. Woodhaven Homes, Inc.*, 346 Ark. 397, 57 S.W.3d 211 (2001), which reaffirmed the holding of *Mothershead* and held that when an appellate decision does not result in an actual reversal of a judgment, the interest begins to accrue from the date of the original judgment. Wilson also contends that "equitable concerns favor holding that attorneys' fees accrue interest from the date of the judgment unconditionally awarding fees to the prevailing party."

In response, the State argues that a recent Arkansas Supreme Court case is dispositive. In *Daniel v. Arkansas Department of Human Services*¸ 2017 Ark. 206, 520 S.W.3d 258, the supreme court addressed the precise issue in this case: does statutory postjudgment interest on attorney's fees accrue when the right thereto was first established or when the fees were actually quantified in dollars and cents? The supreme court held that the holdings in *Mothershead* and *Glover* were irrelevant, because they addressed only the effect of a judgment that had been either reversed or modified on appeal, and concluded that postjudgment interest on an attorney's-fee award accrues when the award is quantified in dollars and cents. We agree that *Daniel* is controlling and affirm on that basis.

Affirmed.

GLOVER and VAUGHT, JJ., agree.



*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Patrick E. Hollingsworth*, Ass't Att'y Gen., for appellee.